# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Silas B. Odie, Jr. (B-76411), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 50043 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| ) | |
| Angel Chino, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's complaint is dismissed as duplicative of the one submitted by Plaintiff in *Odie v. Ill. Dep't of Corr. Prisoner Review Bd.*, 16 C 50028 (N.D. Ill.) (Kapala, J.) This case is administratively closed. Because the Court is administratively closing the case, a filing fee will not be assessed at this time. If Plaintiff intended to file a new, separate case, he should resubmit a complaint (on the Court's required form, and using Case No. 16 C 50043) limited to separate claims that have not been raised in any other case. The Clerk of Court is directed to send Plaintiff a blank amended civil rights complaint form and instructions.

## STATEMENT

On February 18, 2016, this Court dismissed Plaintiff's complaint in *Odie v. Ill. Dep't of Corr. Prisoner Review Bd.*, 16 C 50028, without prejudice for failure to state a claim. Plaintiff was given until March 18, 2016, to submit an amended complaint.

Plaintiff has instead submitted two new complaints – the complaint in the instant case and *Odie v. Fisk*, 16 C 50044. All of these complaints largely center around the same underlying events, namely a September 19, 2013, search of Plaintiff's home while he was on parole.

It appears that one or both of the new complaints may have been intended as an amended complaint in *Odie v. Ill. Dep't of Corr. Prisoner Review Bd.*, 16 C 50028. Further, it is unclear whether Plaintiff intended to submit the new complaints as two separate cases, as they appear identical in substance, although the captions include different defendants. This confusion is exacerbated by the fact that Plaintiff has filed a motion for leave to proceed *in forma pauperis* and a motion for attorney representation in the instant case, but submitted only a complaint in *Odie v. Fisk*.

If Plaintiff intended for this complaint – or his complaint in *Odie v. Fisk* -- to serve as an amended complaint in *Odie v. Ill. Dep't of Corr. Prisoner Review Bd.*, 16 C 50028, he should resubmit this complaint and clearly label it as an amended complaint in Case No. 16 C 50028. Plaintiff should submit **only one** amended complaint in Case No. 16 C 50028.

If Plaintiff wishes to proceed with a lawsuit separate from Case No. 16 C 50028, he must submit an amended complaint that does not duplicate claims in his other cases and raises only the separate claims he wishes to bring.

Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Plaintiff also must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk of Court is directed to send Plaintiff a blank an amended civil rights complaint form and instructions.

Date: March 7, 2016